HEARD NOVEMBER TERM, 1875.

## STATE *vs.* HARPER.

The Court of General Sessions has no jurisdiction in cases of petit larceny, the juris-diction being exclusively in Courts of Trial Justices.

BEFORE SHAW, J., AT WILLIAMSBURG, MARCH TERM, 1875.

Indictment in the Circuit Court of General Sessions against Thomas Harper for petit larceny in stealing a watch alleged to be of the value of ten dollars.

The defendant was convicted, and when called up for sentence, Mr. Maurice, his attorney, moved in arrest of judgment on the ground that the Court of General Sessions had no jurisdiction in cases of petit larceny, the jurisdiction being exclusively in the Courts of Trial Justices.

His Honor overruled the motion, and after sentence the defendant appealed to this Court.

*Maurice*, for appellant:

1. The different Courts provided for by the Constitution will be found in Article IV, Section 1.

2. The Court of General Sessions has no jurisdiction, where jurisdiction is given to another Court—in other words, wherever jurisdiction in any case or class of cases is " otherwise provided for by law," the Court of General Sessions has no jurisdiction.—See Article IV, Section 18 ; and in *McIver* vs. *State,* (2 S. C., 3,) see the following pertinent and decisive language of Chief Justice Moses, directly in point, giving construction to this clause of the Constitution. He says : " It cannot be contended that, although the Constitution has conferred the power (to issue writs of mandamus) on the Circuit Court of Common Pleas, it has not deprived the Court of General Sessions of the rights which attached to it by reason of its succession to all the jurisdictional powers of the King's Bench, on the criminal side. The argument might have carried force with it but for the fact that the Constitution *takes from the Court of Sessions jurisdiction in all criminal cases, wherever it gives it to another Court.* The words " *which shall not be otherwise provided for by law*" *negatives the idea that a concurrent power was to be exercised by the two tribunals. There appears to have been a purpose to place beyond question the idea of concurrent jurisdiction by the very terms employed.*"—See also Dud., 167.

3. For the jurisdiction of Justices of the Peace, see Article IV, Section 22.

4. That not only *jurisdiction* but *exclusive* jurisdiction of all offenses less than felony, and in which the punishment does not exceed a fine of $100 or imprisonment for thirty days, is given to Justices of the Peace or "*other officers authorized by law.*"—See Article I, Section 19.

5. That a Trial Justice, as now known in this State, is such "other officer," and that the General Assembly *may* confer upon such officer the powers and jurisdiction intended for Justices of the Peace.—See *State* vs. *Fillebrown*, 2 S. C., 404.

6. That the General Assembly *has* conferred upon Trial Justices the power and jurisdiction in criminal cases intended for Justices of the Peace, will appear in comparing Sections 21, 22 and 23 of Article IV, and Section 19, Article I, of the Constitution with Chapter XXV of the General Statutes, p. 196, relating to Trial Justices, and particularly that portion at p. 196, headed "Criminal Jurisdiction."

7. By the statute last mentioned, Trial Justices have two classes of criminal jurisdiction, (consistent with and agreeable to Article I, Section 19, of the Constitution.) One is of any and all offenses which are subject to the penalties of either fine or forfeiture, not exceeding $100 or imprisonment in the jail or workhouse not exceeding thirty days. The other is of all offenses (less than felonies) of which they are expressly given jurisdiction, though the particular Section conferring jurisdiction is silent as to the punishment to be imposed. In other words, one Section gives jurisdiction on account of the character of the offense, (being less than felony,) while the other gives jurisdiction by the character and limitation of the punishment, (fine not exceeding $100 or imprisonment not exceeding thirty days.) These Sections must be taken *in pari materia*, and read together as a whole.—Gen. Stat., 196, §§ 8, 9, 12.

8. Petit larceny is the stealing of any article of property below the value of $20, and is a misdemeanor.—Gen. Stat., 716, § 12.

9. That jurisdiction of petit larceny is expressly given to Trial Justices, and is, therefore, otherwise provided for by law than by giving it to the Courts of General Sessions.—See Gen. Stat., 196, § 12. That no punishment is fixed in this particular Section makes no difference, as this is controlled by the joint effect of Sections 8,

12 and 9, the last of which fixes the punishment, consistently with the Constitution, in all cases of which jurisdiction is given to Trial Justices.

10. That the Court of General Sessions has no power to punish for petit larceny, and has not a concurrent jurisdiction of such an offense, will negatively appear by the absence from our statutes of any provision conferring such power or jurisdiction. The nearest approach to such authority may be found in Section 1, p. 749, of the General Statutes. But this does not apply to a case of petit larceny, for, as we have already seen, the punishment of that offense is provided for by statute.

11. For the power to punish after conviction, the Court cannot fall back upon the common law, for petit larceny is *exclusively* a *statutory offense* since the Act of 1866. The indictment must be under the statute, (*State* vs. *Gray*, 14 Rich., 174,) and so must the punishment. The Act of 1866 is re-enacted in the General Statutes, 616, Section 12, and Sections 8, 9 and 12, p. 196, fix the questions of jurisdiction and punishment beyond all doubt. It follows, therefore, that the Court of General Sessions has no jurisdiction either to try or to punish a case of petit larceny.

*Melton,* Attorney General, with whom was *Atkinson,* Solicitor, contra :

*First.* The argument of appellant depends upon the decision of this Court in *McIver* vs. *State,* (2 S. C., 1.) This case is not in point, because—

1. The writ of *mandamus* is not "a criminal case" in the sense intended by Section 18 of Article IV of the Constitution. On the contrary, "it is reasonable to suppose," says the Chief Justice, "that, by vesting in the Court of Common Pleas the right to issue it, the Convention regarded the writ, contrary to what had been the received and accepted opinion in South Carolina, and intended, in the language of Tappan, 7, to assimilate it, both in its direct and incidental process, to an action." Upon this, rather than upon the *dictum* relied upon by the appellant, the case turns.

2. The case involved the construction of two Sections of the same Article of the Constitution—the fifteenth, which gave to the Courts of Common Pleas "power to issue writs of *mandamus*," and the eighteenth, which gave to the Court of General Sessions "*exclusive jurisdiction over all criminal cases,*" in such juxtaposition

that plainly the one could not have been intended to include the other; whereas the case now before the Court involves the construction of the eighteenth Section, with reference to an Act of the General Assembly, itself of doubtful meaning.

3. This proposition is enforced by reference to the decision of this Court in *State* vs. *Fillebrown*, (2 S. C.,) in which (page 408) the Chief Justice declares that "the Court rested its refusal in *McIver* vs. *The State* on the fact that *the Constitution* took from the Sessions jurisdiction in all criminal cases *whenever it gave it to another Court*, and, therefore, the former jurisdiction of the Court of Sessions was gone."

4. For the purposes of the argument, it may be admitted that exclusive jurisdiction is given to Trial Justices by Section 19, Article I, of the Constitution over " all offenses less than felony *and* in which the punishment does not exceed a fine of $100 or imprisonment for thirty days;" but it is not, therefore, to be inferred that the jurisdiction is *exclusive* in other cases where it is conferred upon Trial Justices by the General Assembly. The power of the General Assembly to confer such jurisdiction need not here be questioned; only the power to make it *exclusive* is denied.

The language of Section 18, Article IV, of the Constitution is: "The Court of General Sessions shall have *exclusive* jurisdiction over all criminal·cases which shall not be otherwise provided for by law." The decisions under consideration go to the point that this Section does not include or refer to " cases otherwise provided for" by the *Constitution*, and they decide nothing in reference to criminal cases, which are otherwise provided for by *law*—that is, by statute. In reference to the latter cases, where the Constitution is silent and the statute makes provision, the construction is plain that the jurisdiction of the Court of General Sessions, if not exclusive, is at least *concurrent*.

5. On this point, however, the manuscript decision in *Burge* vs. *Willis*, heard before this Court at November Term, 1873, is conclusive, and establishes the proposition that in the case now before the Court the Court of General Sessions has at least concurrent jurisdiction. The words of Section 15 of Article IV, conferring jurisdiction upon the Court of Common Pleas, are almost identical with, and clearly have the same effect as, those of Section 18, conferring jurisdiction upon the General Sessions. In relation to the former, the Court say: " The Court of Common Pleas, being a

Court of general original jurisdiction in civil cases, and having exclusive original jurisdiction in certain other cases mentioned, it has concurrent jurisdiction in other cases which are cognizable before Justices of the Peace."—See also *State* vs. *Simmons,* 4 S. C., 72.

*Second.* The Court of General Sessions is not a new creation. The name itself imports a reference to a jurisdiction well-defined, as ancient as the jurisprudence in which it had its origin—a jurisdiction which this Court will not lightly call in question.

In *State* vs. *Walker,* (14 Rich., 37,) it is said : " The Circuit Courts of law are successors of the General Court which formerly subsisted in Charleston, and, when not restrained by our legal or constitutional regulations, have the power and jurisdiction which pertain to the King's Bench and Common Pleas in England. They are Courts of general jurisdiction, of the highest dignity known to our laws. Within their jurisdiction fall all actions and prosecutions in behalf of the State, even when jurisdiction is given to another tribunal by words not plainly exclusive. The general rule is that an Act of the Legislature shall not be construed to oust them of jurisdiction, except by express provision or necessary implication."—Com. Dig. Courts.

In *State* vs. *Sullivan,* (14 Rich., 282,) the Court of Errors say : " The Court of General Sessions in South Carolina is a superior Court of general jurisdiction, possessing all the powers exercised by the Court of Queen's Bench in England, where it has been held, without question, that nothing shall be intended to be without the jurisdiction of a superior Court but that which specially appears to be so ; and nothing shall be intended to be within the jurisdiction of an inferior Court but that which is expressly alleged.—*Peacock.* vs. *Bell,* 1 Saun. Rep., 74 ; *Winford* vs. *Powell,* 2 Lord Raym., 1310.

" The Court of King's Bench hath so sovereign a jurisdiction in all criminal matters that an Act of Parliament appointing that all crimes of a certain denomination shall be tried before certain Judges doth not exclude the jurisdiction of this Court without express negative words ; and, therefore, it hath been resolved that 33 Henry VIII, Chapter 12, which enacts that all treasons, &c., within the King's house, &c., shall be determined before the Lord Steward of the King's house, &c., doth not restrain this Court from proceeding against such offenses."—2 Bac. Abr., 690, Court of K. B., A. 1.

*Third.* The offense of petit larceny is not included in Section 19 of Article I of the Constitution, because— .

1. When the Constitution was adopted, petit larceny was not in the category of " offenses less than felony." It has since been made a misdemeanor by statute; but in this, as in all other questions of constitutional construction, reference must be had to the law and the meaning of words at the time of the adoption of the Constitution. Else, it is within the power of the General Assembly, by diminishing the grade of all criminal offenses, to oust the Court of General Sessions of its entire jurisdiction and utterly destroy that which the Constitution has distinctly perpetuated.

2. To include petit larceny, it must not only be determined to be an offense " less than felony," but *"one in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days."* But whilst the statute has declared the offense to be a misdemeanor, it has not altered the measure of punishment either as to fine or imprisonment; and the offender now, as when the Constitution was adopted, and at common law, may be punished by a fine exceeding one hundred dollars, and imprisonment exceeding thirty days, or either, in the discretion of the Court.—Gen. Stat., Chap. 142, § 1. To contend that Sections 8, 9, 12, Chapter 25, General Statutes, establish the measure of punishment in all cases of petit larceny is to *beg the question.*

January 26, 1876. The opinion of the Court was delivered by

Moses, C. J. At the adoption of the Constitution of 1868 there was no offense for the commission of which the punishment was restricted to a "fine of one hundred dollars or imprisonment for thirty days." Neither was there any statute which limited the punishment "for assault and battery, and other penal offenses, less than felony, to fines only." Section 19, Article I, of the Constitution, which established a Court with exclusive jurisdiction over offenses to be punished by "a fine of one hundred dollars, or imprisonment for thirty days," and so much of Section 22, Article IV, as provided a Court for the trial of offenses punishable by fine only, would, therefore, be without purpose or meaning, unless construed in connection with the whole scope of that portion of the Constitution to which the judicial department of the State owes its present existence and organization. As with a statute, so with a Constitution;

the Court must give effect, if possible, to its every provision, and render such a construction as will preserve the intention of the framer if it can be collected from the words he has employed, and thus prevent, if it can, the entire defeat of the purpose which the several Sections were intended to accomplish. Mr. Dwarris, in his Treatise on Statutes, says at page 658 : "Indeed a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence or word should be superfluous, void or insignificant."

Section 19, Article I, of the Constitution confers, in the strongest language it could employ, on "a Justice of the Peace, or other officer authorized by law," exclusive jurisdiction of all offenses less than felony for which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days. Section 18, Article IV, confers on the Court of General Sessions exclusive jurisdiction over all criminal cases "which shall not be otherwise provided for by law." In the *State* vs. *Fillebrown*, (2 S. C., 404,) it was held that the General Assembly, under the Constitution, might confer on an inferior Court, created by itself, the same powers which the Constitution intended for Justices of the Peace. The powers, therefore, devolving on a Justice of the Peace, under Section 19, Article I, may be properly exercised by a Trial Justice, whose office was established by the Act of 1870, General Statutes, 194, and whose jurisdiction is therein defined.

The provision thus made by the Constitution for the trial of all offenses by a Trial Justice for which the penalty does not exceed a fine of one hundred dollars or imprisonment for thirty days cannot be held without meaning because, at the time of its adoption, the punishment, as therein prescribed, did not attach to any offense in this State. The office is established by Section 22, Article IV, of the Constitution as a branch of the judicial department, while his jurisdiction in matters criminal extended to offenses punishable by *fine* only, although none of such character were then known to our law. Whatever exclusive jurisdiction is conferred by Section 19, Article I, on Justices of the Peace is conferred also on whatever "other officer" is "authorized by law" to try the offenses therein designated.

It would be a narrow construction of the Constitution, and one which could not be sustained, where effect, if possible, should be given to the mandatory significance of such an instrument, to say

that as, by the law then of force, no alternative punishment of the nature of those referred to in the said Section was inflicted for the commission of any offense, the Sections themselves are to be considered without force. It would be an assumption ill becoming a branch of the government created by the Constitution to say that its framers were ignorant of the law then existing in the State for which they were providing a new organic and fundamental system as a substitute for the one then prevailing. Their purpose, it may well be supposed, was to create by Section 19, Article I, an exclusive jurisdiction of such offenses less than felony, in regard to which the General Assembly might, from time to time, annex as a punishment a fine not exceeding one hundred dollars or imprisonment not exceeding thirty days.

It now remains to be considered whether a Trial Justice has jurisdiction in a case of petit larceny, which, at the adoption of the Constitution, comprehended any simple larceny of goods, choses in action, &c., below the value of $20, and was made a misdemeanor by the Act of 1866, (13 Stat., 378,) and so declared to be by General Statutes, 716. It is expressly conferred by the twelfth, and recognized in the thirteenth and fourteenth Sections of the twenty-fifth Chapter of the General Statutes. The offenses of which they have jurisdiction are subject to the fine or imprisonment fixed and limited by the nineteenth Section of the first Article of the Constitution, and by the ninth Section of the twenty-fifth Chapter of the General Statutes. The offenses within the range of the prescribed punishment are exclusively in the jurisdiction of a Justice of the Peace, " or other officer authorized by law," and such must the Trial Justice be held.

If the Court of General Sessions has concurrent jurisdiction in cases of petit larceny with a Trial Justice, then this anomaly would follow : There would exist two different punishments for the same offense. That of the Trial Justice is limited to a certain amount of fine or term of imprisonment; that of the General Sessions by common law unlimited as to amount, and time dependent on the discretion of the Court, which may impose both fine and imprisonment. A construction which would lead to such a result should be avoided, unless forced either from the express words used or an implication from them so inevitable that it cannot be avoided.

The case of *Burge* vs. *Willis*, (5 S. C., 212,) cited in the argument for the respondent, has no application to the point now pre-

sented for our consideration, because the jurisdiction conferred on Justices of the Peace in matters of contract where the amount claimed does not exceed $100 is not made exclusive.

The motion to arrest the judgment is granted.

*Willard,* A. J., and *Wright,* A. J., concurred.